IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND
FOR BROWARD COUNTY, FLORIDA

CASE NO.

MARY A. SMALL
    Plaintiff,

v.

CITY OF HOLLYWOOD,
a Political Subdivision of Florida,
    Defendant.
_____/

## SUMMONS

**THE STATE OF FLORIDA:**

**YOU ARE COMMANDED** to serve this Summons and a copy of the Complaint on Defendant, CITY OF HOLLYWOOD, by serving this summons on Mayor Josh Levy at 2600 Hollywood Boulevard, Hollywood, Florida 33020.

Each Defendant is required to serve written defenses to the Complaint on Tobechuku T. Nwahiri, Plaintiff's attorney, whose address is 13499 Biscayne Boulevard, Suite 107, Miami, Florida 33181, within twenty (20) days after service of this Summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint or Petition. **DATED** on     AUG 24 2021

                                          Brenda D. Forman
                                          As Clerk of the Court

By         **BRENDA D. FORMAN**
Deputy Clerk

## EXHIBIT 2

**FORM 1.997.  CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

**I.  CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>SEVENTEENTH</u> JUDICIAL CIRCUIT,
IN AND FOR <u>BROWARD</u> COUNTY, FLORIDA

<u>Mary A Small</u>
Plaintiff

Case # _____
Judge _____

vs.
<u>City of Hollywood</u>
Defendant

**II.  AMOUNT OF CLAIM**
Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

- ☐ $8,000 or less
- ☐ $8,001 - $30,000
- ☐ $30,001- $50,000
- ☐ $50,001- $75,000
- ☐ $75,001 - $100,000
- ☒ over $100,000.00

**III.  TYPE OF CASE**   (If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

**CIRCUIT CIVIL**

- ☐ Condominium
- ☐ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☐ Negligence—other
    - ☐ Business governance
    - ☐ Business torts
    - ☐ Environmental/Toxic tort
    - ☐ Third party indemnification
    - ☐ Construction defect
    - ☐ Mass tort
    - ☐ Negligent security
    - ☐ Nursing home negligence
    - ☐ Premises liability—commercial
    - ☐ Premises liability—residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
    - ☐ Commercial foreclosure
    - ☐ Homestead residential foreclosure
    - ☐ Non-homestead residential foreclosure
    - ☐ Other real property actions

- ☐ Professional malpractice
    - ☐ Malpractice—business
    - ☐ Malpractice—medical
    - ☐ Malpractice—other professional
- ☒ Other
    - ☐ Antitrust/Trade regulation
    - ☐ Business transactions
    - ☐ Constitutional challenge—statute or ordinance
    - ☐ Constitutional challenge—proposed amendment
    - ☐ Corporate trusts
    - ☒ Discrimination—employment or other
    - ☐ Insurance claims
    - ☐ Intellectual property
    - ☐ Libel/Slander
    - ☐ Shareholder derivative action
    - ☐ Securities litigation
    - ☐ Trade secrets
    - ☐ Trust litigation

**COUNTY CIVIL**

- ☐ Small Claims up to $8,000
- ☐ Civil
- ☐ Real property/Mortgage foreclosure

- 2 -

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐  No ☒

**IV.  REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☒ Punitive

**V.  NUMBER OF CAUSES OF ACTION:** [ ]
(Specify)

<u>6</u>

**VI.  IS THIS CASE A CLASS ACTION LAWSUIT?**
☐ yes
☒ no

**VII.  HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
☒ no
☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.  IS JURY TRIAL DEMANDED IN COMPLAINT?**
☒ yes
☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Tobechuku Tony Nwahiri      Fla. Bar # 112107
    Attorney or party                                  (Bar # if attorney)

Tobechuku Tony Nwahiri                08/23/2021
(type or print name)                       Date

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND
FOR BROWARD COUNTY, FLORIDA

CASE NO.

MARY A. SMALL
    Plaintiff,

v.

CITY OF HOLLYWOOD,
a Political Subdivision of Florida,
    Defendant.
_____/

**COMES NOW** Plaintiff, MARY A. SMALL ("Ms. Small") through his counsel, hereby complains of the Defendant CITY OF HOLLYWOOD ("City") and alleges as follows:

## NATURE OF CASE

1. Plaintiff complains pursuant to 42 U.S.C. § 1981 ("Section 1981"), Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and Florida Statute §760.01 - §760.11 Florida Civil Rights Act ("FCRA") and seeks damages to redress the injuries Plaintiff suffered as a result of being exposed to hostile work environment, race discrimination, retaliation, and unlawful termination.

2. This action is to redress Defendant's unlawful employment practices against Plaintiff, including Defendant's unlawful discrimination against Plaintiff because of her race and sex, and retaliating against Plaintiff after complaining of a racial hostile work environment.

## JURISDICTION AND VENUE

3. This is an action for monetary damages exceeding $30,000.00 exclusive of fees, interest, and cost, and attorney fees.

4. This Court has general jurisdiction over the claims herein.

5. Venue is proper because Defendants were located in Broward County, Florida, and a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein occurred in Broward County, Florida.

## PROCEDURAL REQUIREMENTS

6. Plaintiff has complied with all statutory prerequisites to file this action.

7. On or around September 5, 2020, Plaintiff dual filed her charge with the Florida Commission on Human Relations ("FCHR") Charge number 202026080 and Equal Employment Opportunity Commission ("EEOC") Charge No. 15D202001222C.

8. On or around May 27, 2021, Plaintiff received the Right to Sue Letter in reference to his EEOC and FCHR charge.

9. Plaintiff filed this complaint within ninety (90) days of the issuance of the EEOC and FCHR's Right to Sue letter.

## PARTIES

10. At all times material, Plaintiff is an individual African American woman and is a resident of the State of Florida.

11. At all times material, Plaintiff identifies himself as Nigerian and African American, has dark features and speaks English.

12. At all material times, Defendant is an incorporated city of the State of Florida, located in Broward County, Florida.

## STATEMENT OF FACTS

13. In or around February 10, 2020, Defendant hired Plaintiff as a Grants and Special Projects Manager.

14. The Plaintiff, at the time was the only female manager in the Parks and Recreation and Cultural Affairs ("PCRA") division of the City.

2

15. On or around the Plaintiff's first day of work, she was met with a racially insensitive comment from a white male manger, Mike Wharton, who mentioned to the Plaintiff, if she was on CP time (typically known as colored people time), after arriving late to a site visit.

16. In around March 2020, the Plaintiff learned of an ethnic/nationality/racial slur concerning Jamaicans taking all the jobs and working multiple jobs, that was mentioned at meeting by a PCRA advisory board member who is a white male.

17. The slur mentioned above that was used shocked, highly offended, and made the Plaintiff uncomfortable to know that she is working in a place where other workers utter inappropriate slurs.

18. The Plaintiff advised her manager David Vasquez of the racial slur that was used, who responded to the Plaintiff saying: "when I terminate you, I hope there will not be any hostile feelings."

19. As a result of reporting the above racial slur, the Plaintiff was subjected to stricter level of scrutiny than her fellow white employees, and fellow male employees.

20. As a result of reporting, the Plaintiff was stripped of her authority as a supervisor and division manager.

21. As a result of the reporting, the Plaintiff's arrival and departure from work was heavily monitored.

22. The Plaintiff was paid less than her predecessor, Rene Richards, who is white.

23. The Plaintiff was also paid less than other white managers, and other male managers.

24. The Plaintiff further advised her manager Cory Styron of the disparate treatment she was receiving at the workplace; however, they were ignored.

25. On June 1, 2020, the Defendant terminated the Plaintiff.

26. The Defendant did not take any actions to ensure Plaintiff was not subjected to a hostile work environment.

27. At all material times, Defendant discriminated against Plaintiff based on her race and/or sex, and because Plaintiff opposed the unlawful conduct of Defendant related to her race and/or sex.

28. Plaintiff claims a continuous practice of discrimination and claims a continuing violation and makes all claims herein under the continuing violations doctrine.

29. As a result of Defendant's discriminatory and intolerable treatment of Plaintiff and retaliation, Plaintiff suffers from high stress, anxiety, and experiences trust issues in the work environment.

30. Plaintiff seeks Punitive Damages as Defendants' conduct has been malicious, reckless, willful, outrageous, and conducted with full knowledge of the law.

## COUNT I: § 1981 DISCRIMINATION

31. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 14 through 35 above as if fully and expressly set forth herein, and further alleges as follows:

32. Plaintiff, as an African American, was discriminated against by Defendant because of race as provided under Section 1981.

33. As a result of the Defendant's offensive comments about race, such action adversely affected the terms, conditions, and privileges of Plaintiff's employment, and was so pervasive as to alter the work environment and to create an abusive and hostile work environment

34. Defendant's inaction was done knowingly and intentionally, and in willful, wanton and reckless disregard of Plaintiff's protected rights.

35. The Defendant had actual notice or should have known of the racial comments which were offensive to Plaintiff but failed to appropriately act.

36. The Defendant's demotion and later termination of Plaintiff was, in whole or in part motivated by her race.

37. The Defendant discriminated against Plaintiff with respect to the terms, conditions and privileges of employment because her race.

38. At all material times, Plaintiff's demotion and termination by Defendant was a "significant change" in employment status.

**WHEREFORE**, the Plaintiff requests that judgment be entered against the Defendants for damages, including reinstatement, compensatory, consequential, punitive damages if subsequently permitted by this Court, and all equitable relief, in addition to all litigation expenses and costs, including attorneys' fees and any other lawful and equitable relief this Court deems to be just and proper.

## COUNT II: § 1981 RETALIATION

39. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 14 through 35 above as if fully and expressly set forth herein, and further alleges as follows:

40. Plaintiff, as an African American, was discriminated against by Defendant because of race as provided under Section 1981.

41. As a result of the Defendant's offensive comments about race, such action adversely affected the terms, conditions, and privileges of Plaintiff's employment, and was so pervasive as to alter the work environment and to create an abusive and hostile work environment.

42. The Defendant's inaction was done knowingly and intentionally, and in willful, wanton and reckless disregard of Plaintiff's protected rights.

43. The Defendant had actual notice or should have known of the racial comments which were offensive to Plaintiff but failed to appropriately act.

44. The Defendant's demotion and termination of Plaintiff was, in whole or in part because of her race and for Plaintiff opposing such discrimination, by reporting to her managers.

45. At all material times, Plaintiff's termination was a "significant change" in employment status.

46. Plaintiff claims unlawful retaliation under 42 U.S.C. 1981, for opposition to Defendant's unlawful employment practices.

47. The Defendant's retaliation against Plaintiff was done knowingly and intentionally, and in willful, wanton and reckless disregard of Plaintiff's Federally protected rights.

48. As a direct and proximate result of the Defendant's inaction and retaliation for her lawfully having engaged in statutorily protected activity, Plaintiff has suffered, and continues to suffer, loss of income, loss of enjoyment of life, emotional distress, pain and suffering, embarrassment, humiliation, and distress.

**WHEREFORE**, the Plaintiff requests that judgment be entered against the Defendants for damages, including reinstatement, compensatory, consequential, punitive damages if subsequently permitted by this Court, and all equitable relief, in addition to all litigation expenses and costs, including attorneys' fees and any other lawful and equitable relief this Court deems to be just and proper.

## COUNT III: HOSTILE WORK ENVIRONMENT UNDER FLORIDA CIVIL RIGHTS ACT FLORIDA STATUTE §760.10

49. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 14 through 35 above as if fully and expressly set forth herein, and further alleges as follows:

50. Plaintiff, as an African American man, was discriminated against by Defendant because of race as provided under FRCA.

51. Plaintiff was subjected to racial harassment which was discriminatory in nature.

52. The harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment for Plaintiff.

53. The Defendant knew or should have known about the harassment and took insufficient remedial action.

54. As a direct and proximate result of the Defendant's harassment, Plaintiff has suffered, and continues to suffer, loss of income, loss of enjoyment of life, emotional distress, pain and suffering, embarrassment, humiliation, and distress.

**WHEREFORE**, the Plaintiff requests that judgment be entered against the Defendants for damages, including reinstatement, compensatory, consequential, punitive damages if subsequently permitted by this Court, and all equitable relief, in addition to all litigation expenses and costs, including reasonable attorneys' fees and cost pursuant to Florida Statute §760.021, and any other lawful and equitable relief this Court deems to be just and proper.

### COUNT IV: 42 U.S.C. § 2000e-2(a) Title VII of the CIVIL RIGHTS ACT of 1964, *as amended.*
### Race-Based Discrimination (Disparate Treatment)

55. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1 through 50 above as if fully and expressly set forth herein, and further alleges as follows:

56. Section 703 of Title VII, 42 U.S.C. § 2000e-2, prohibits employment practices that discriminate against persons on the basis of their race.

57. Defendant treated the Plaintiff different than other white employees as explained in the statement of facts.

58. As a direct and proximate result of Defendant's disparate treatment, Plaintiff has suffered, and continues to suffer, loss of income, loss of enjoyment of life, emotional distress, pain and suffering, embarrassment, humiliation, and distress.

59. Defendant Woodfield's unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiffs' right to be free from discrimination based on race.

**WHEREFORE**, the Plaintiff requests that judgment be entered against the Defendant Woodfield for damages, compensatory, consequential, punitive damages if subsequently permitted by this Court, and all equitable relief, in addition to all litigation expenses and costs, including attorneys' fees and any other lawful and equitable relief this Court deems to be just and proper.

### COUNT V: 42 U.S.C. § 2000e-2(a) Title VII of the Civil Rights Act of 1964, *as amended.* Race-Based Discrimination (Hostile Work Environment)

60. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1 through 50 above as if fully and expressly set forth herein, and further alleges as follows:

61. Plaintiff were subjected to harassment by Defendant's agents and employees because of her race.

62. Defendant's agents and employees' conduct was not welcomed by Plaintiff.

63. Defendant's agents' and employees' conduct was undertaken because of Plaintiff's race.

64. The conduct was so severe or pervasive that reasonable persons in Plaintiff's position would find their work environment to be hostile or abusive.

65. Plaintiff believed their work environment to be hostile or abusive as a result of Defendant's agents' and employees' conduct.

66. Defendant knew, or should have known, of the abusive conduct. Moreover, the harassment was so pervasive and open that a reasonable employer would have had to have been aware of it. Indeed, management level employees were themselves complicit in the abusive conduct.

67. Defendant did not exercise reasonable care to prevent harassment in the workplace on the basis of race and did not exercise reasonable care to promptly correct any harassing behavior that did occur.

68. As a direct and proximate result of Defendant's hostile work environment, Plaintiff has suffered, and continues to suffer, loss of income, loss of enjoyment of life, emotional distress, pain and suffering, embarrassment, humiliation, and distress.

69. Defendant Woodfield's unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiffs' right to be free from discrimination based on race.

**WHEREFORE**, the Plaintiff requests that judgment be entered against the Defendant for damages, compensatory, consequential, punitive damages if subsequently permitted by this Court, and all equitable relief, in addition to all litigation expenses and costs, including attorneys' fees and any other lawful and equitable relief this Court deems to be just and proper.

### COUNT VI: 42 U.S.C. § 2000e-2(a) Title VII of the Civil Rights Act of 1964, *as amended.* Sex-Based Discrimination

70. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1 through 50 above as if fully and expressly set forth herein, and further alleges as follows:

71. Title VII of the Civil Rights Act of 1964, as amended, makes it unlawful for an employer, "(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a).

72. Defendant discriminated against Plaintiff by treating her differently from male coworkers by paying her less than other managers who are males.

73. Plaintiff's sex was the determining factor and/or a motivating factor in Defendant decision to pay her less.

74. As a direct and proximate result of Defendant's discrimination, Plaintiff has suffered, and continues to suffer, loss of income, loss of enjoyment of life, emotional distress, pain and suffering, embarrassment, humiliation, and distress.

75. Defendant's unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiffs' right to be free from discrimination based on sex.

**WHEREFORE**, the Plaintiff requests that judgment be entered against Defendant Woodfield for damages, compensatory, consequential, punitive damages if subsequently permitted by this Court, and all equitable relief, in addition to all litigation expenses and costs, including attorneys' fees and any other lawful and equitable relief this Court deems to be just and proper.

## JURY DEMAND

Plaintiff requests a jury trial on all issues to be tried.

Dated: August 23, 2021.                    Respectfully submitted,

                                           NWAHIRI LAW, PLLC

                                           s/ TOBECHUKU TONY NWAHIRI

                                           TOBECHUKU TONY NWAHIRI
                                           Florida Bar No. 112107
                                           Attorney for Plaintiff
                                           Tobe@NwahiriLaw.com
                                           13499 Biscayne Blvd. Suite 107, Miami FL, 33181
                                           P: 305-345-4117 F: 305-503-4614